UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JERONICA GLENN DAVIS, JR.

                        Plaintiff,

       v.

ANDREW M. SAUL,[1] Commissioner of
Social Security,

                        Defendant.

**DECISION
and
ORDER**

**18-CV-01005-LGF
(consent)**

---

APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER
                                Attorneys for Plaintiff
                                KENNETH R. HILLER, and
                                ANTHONY JOHN ROONEY, of Counsel
                                6000 Bailey Avenue
                                Suite 1A
                                Amherst, New York 14226

                                JAMES P. KENNEDY, JR.
                                UNITED STATES ATTORNEY
                                Attorney for Defendant
                                Federal Centre
                                138 Delaware Avenue
                                Buffalo, New York 14202
                                     and
                                ARIELLA RENEE ZOLTAN
                                Special Assistant United States Attorney, of Counsel
                                Social Security Administration
                                Office of the General Counsel, of Counsel
                                26 Federal Plaza, Room 3904
                                New York, New York 10278
                                   and
                                DENNIS J. CANNING
                                Office of the General Counsel

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and pursuant to Rule 25(d) of the Federal Rules of Civil Procedure is automatically substituted as the defendant in this suit with no further action required to continue the action.

Social Security Administration
Office of the General Counsel
601 E. 12th Street, Room 965
Kansas City, MO 64106, and

## JURISDICTION

On October 7, 2019, this case was reassigned to the undersigned before whom the parties consented pursuant to 28 U.S.C. § 636(c) to proceed in accordance with this Court's June 29, 2018 Standing Order. (Dkt. No. 13). The court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on motions for judgment on the pleadings, filed on May 20, 2019, by Plaintiff (Dkt. No. 9), and on July 9, 2019, by Defendant (Dkt. No. 11).

## BACKGROUND and FACTS

Plaintiff Jeronica Davis, Jr. ("Plaintiff"), brings this action pursuant to the Social Security Act ("the Act"), seeking review of the Commissioner of Social Security ("the Commissioner" or "Defendant") decision denying his application for disability benefits for Supplemental Security Income ("SSI") benefits under Title II of the Act ("disability benefits"). Plaintiff, born on May 21, 1989 (R. 16),[2] has a high school education, and alleges that he became disabled on July 1, 2014, when he stopped working as a result of a learning disability, gunshot wound, and left leg paralysis. (R. 401).

Plaintiff's application for disability benefits was initially denied by Defendant on October 9, 2014 (R. 272), and, pursuant to Plaintiff's request, a hearing was held before

---

[2] "R" references are to the pages of the Administrative Record electronically filed by Defendant on March 21, 2018 (Dkt. No. 7).

Administrative Law Judge Melissa Lin Jones ("Judge Jones" or "the ALJ"), on April 13, 2017, in Buffalo, New York, where Plaintiff, represented by Jean Murray, Esq. ("Murray") appeared and testified. (R. 220-71). Vocational Expert Alina Kurtanich ("the VE" or "VE Kurtanich"), also appeared and testified. The ALJ's decision denying Plaintiff's claim was rendered on September 14, 2017. (R. 11-18). Plaintiff requested review by the Appeals Council, and on July 20, 2018, the ALJ's decision became Defendant's final decision when the Appeals Council denied Plaintiff's request for review. (R. 1-4). This action followed on September 14, 2018, with Plaintiff alleging that the ALJ erred by failing to find him disabled. (Dkt. No. 1).

On May 20, 2019, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a memorandum of law (Dkt. No. 9-1) ("Plaintiff's Memorandum"). Defendant filed, on July 9, 2019, Defendant's motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Dkt. No. 11-1) ("Defendant's Memorandum"). On July 30, 2019, Plaintiff filed a reply to Defendant's memorandum ("Plaintiff's Reply"). (Dkt. No. 12). Oral argument was deemed unnecessary.

**DISCUSSION**

A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or the decision is based on legal error. *See* 42 U.S.C. 405(g); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence" means 'such relevant

evidence as a reasonable mind might accept as adequate.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

## A. <u>Standard and Scope of Judicial Review</u>

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law judge's findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence requires enough evidence that a reasonable person would "accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). When evaluating a claim, the Commissioner must consider "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability (testified to by the claimant and others), and . . . educational background, age and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)). If the opinion of the treating physician is supported by medically acceptable techniques and results from frequent examinations, and the opinion supports the administrative record, the treating physician's opinion will be given controlling weight. *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993); 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). The Commissioner's final determination will be affirmed, absent legal error, if it is supported by substantial evidence. *Dumas,* 712 F.2d at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3). "Congress has instructed . . . that the

factual findings of the Secretary,[3] if supported by substantial evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

      The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability insurance benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  If the claimant is engaged in such activity the inquiry ceases and the claimant is not eligible for disability benefits.  *Id.*  The next step is to determine whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities as defined in the applicable regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Absent an impairment, the applicant is not eligible for disability benefits.  *Id.*  Third, if there is an impairment and the impairment, or an equivalent, is listed in Appendix 1 of the regulations and meets the duration requirement, the individual is deemed disabled, regardless of the applicant's age, education or work experience, 20 C.F.R. §§ 404.1520(d) and 416.920(d), as, in such a case, there is a presumption the applicant with such an impairment is unable to perform substantial gainful activity.[4]  42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A); 20 C.F.R. §§ 404.1520 and 416.920.  *See also*

---

[3] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

[4] The applicant must meet the duration requirement which mandates that the impairment must last or be expected to last for at least a twelve-month period.  20 C.F.R. §§ 404.1509 and 416.909.

*Cosme v. Bowen*, 1986 WL 12118, at * 2 (S.D.N.Y. 1986); *Clemente v. Bowen*, 646 F.Supp. 1265, 1270 (S.D.N.Y. 1986).

However, as a fourth step, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" and the demands of any past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the applicant can still perform work he or she has done in the past, the applicant will be denied disability benefits. *Id.* Finally, if the applicant is unable to perform any past work, the Commissioner will consider the individual's "residual functional capacity," age, education and past work experience in order to determine whether the applicant can perform any alternative employment. 20 C.F.R. §§ 404.1520(f), 416.920(f). *See also Berry,* 675 F.2d at 467 (where impairment(s) are not among those listed, claimant must show that he is without "the residual functional capacity to perform [her] past work"). If the Commissioner finds that the applicant cannot perform any other work, the applicant is considered disabled and eligible for disability benefits. 20 C.F.R. §§ 404.1520(g), 416.920(g). The applicant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof on the final step relating to other employment. *Berry,* 675 F.2d at 467.

In reviewing the administrative finding, the court must follow the five-step analysis and 20 C.F.R. § 416.935(a) ("§ 416.935(a)"), to determine if there was substantial evidence on which the Commissioner based the decision. 20 C.F.R. § 416.935(a); *Richardson*, 402 U.S. at 410.

In this case, the ALJ determined that Plaintiff had the severe impairments of right arm/hand pain, abdominal pain with a history of left lower extremity paralysis, and

back/lower left leg pain with degeneration. (R. 13). The ALJ further determined that Plaintiff's impairments do not meet or medically equal a listed impairment, and that Plaintiff had the residual functional capacity to perform light work with limitations to occasional handling, fingering and feeling with the right hand, balancing, stooping, kneeling, crouching, crawling, climbing ramps or stairs and no climbing ladders, ropes, or scaffolds, and limited to simple routine tasks (R. 14), and was unable to perform Plaintiff's past relevant work. (R. 16). Plaintiff does not contest the ALJ's findings at steps one through three of the disability review process but contends that the ALJ erred in evaluating Plaintiff's residual functional capacity assessment.

### E. <u>Residual functional capacity</u>

Once an ALJ finds a disability claimant does not have a severe medically determinable physical or mental impairment, 20 C.F.R. § § 404.1520(a)(4)(ii), that significantly limits the claimant's physical and mental ability to do work activities, *Berry*, 675 F.2d at 467, and the claimant is not able, based solely on medical evidence, to meet the criteria established for an impairment listed under Appendix 1, the burden shifts to the Commissioner to show that despite the claimant's severe impairment, the claimant has the residual functional capacity to perform alternative work, 20 C.F.R. § 404.1520(a)(4)(iv) and prove that substantial gainful work exists that the claimant is able to perform in light of the claimant's physical capabilities, age, education, experience, and training. *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980). To make such a determination, the Commissioner must first show that the applicant's impairment or impairments are such that they nevertheless permit certain basic work activities essential for other employment opportunities. *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981).

Specifically, the Commissioner must demonstrate by substantial evidence the applicant's "residual functional capacity" with regard to the applicant's strength and "exertional capabilities."  *Id.*  An individual's exertional capability refers to the performance of "sedentary," "light," "medium," "heavy," and "very heavy" work.  *Decker*, 647 F.2d at 294.

The Second Circuit requires that all complaints . . . must be considered together in determining . . . work capacity.  *DeLeon v. Secretary of Health and Human Services,* 734 F.2d 930, 937 (2d Cir. 1984).  Once an ALJ finds a disability claimant does not have a severe medically determinable physical or mental impairment, 20 C.F.R. § 404.1520(a)(4)(ii), that significantly limits the claimant's physical and mental ability to do work activities, *Berry*, 675 F.2d at 467, and the claimant is not able, based solely on medical evidence, to meet the criteria established for an impairment listed under Appendix 1, the burden shifts to the Commissioner to show that despite the claimant's severe impairment, the claimant has the residual functional capacity to perform past work, 20 C.F.R. § § 404.1520(a)(4)(iv), and to prove substantial gainful work exists that the claimant is able to perform in light of the claimant's physical capabilities, age, education, experience, and training.  *Parker*, 626 F.2d 225 at 231.  It is improper to determine a claimant's residual work capacity based solely upon an evaluation of the severity of the claimant's individual complaints.  G*old v. Secretary of Health and Human Services*, 463 F.2d 38, 42 (2d Cir. 1972).  To make such a determination, the Commissioner must first show that the applicant's impairment or impairments are such that they permit certain basic work activities essential for other employment opportunities.  *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981).  Specifically, the Commissioner must demonstrate by substantial evidence the applicant's "residual

functional capacity" with regard to the applicant's strength and "exertional capabilities." *Id.* at 294.

An individual's exertional capability refers to the performance of "sedentary," "light," "medium," "heavy," and "very heavy" work. *Decker*, 647 F.2d at 294. In addition, the Commissioner must establish that the claimant's skills are transferrable to the new employment if the claimant was employed in a "semi-skilled" or "skilled" job. *Id.* at 294. This element is particularly important in determining the second prong of the test, whether suitable employment exists in the national economy. *Id.* at 296.

In this case, the ALJ found that despite the injury to Plaintiff's leg Plaintiff had the residual functional capacity to perform light work with limitations to occasional handling, fingering and feeling with the right hand, balancing, stooping, kneeling, crouching, crawling, climbing ramps or stairs and no climbing ladders, ropes, or scaffolds, and limited to simple routine tasks. (R. 14).

Plaintiff alleges that the ALJ's residual functional capacity assessment of Plaintiff is erroneous, as the ALJ improperly evaluated the finding of consultative examiner Donna Miller, D.O. ("Dr. Miller"), that Plaintiff had a mild to moderate limitation to heavy lifting, bending, carrying, pushing and pulling. Plaintiff's Memorandum at 9. In particular, Plaintiff alleges that Dr. Miller's opinion is vague, and that the ALJ erroneously relied on a lack of evidence to support such finding. Plaintiff's Memorandum at 10-12. Defendant maintains that Dr. Miller's opinion is consistent with Dr. Miller's benign medical findings, treating source opinions who indicated that Plaintiff was able to return to work, the sporadic nature of Plaintiff's care, and substantial

evidence in the record.  Defendant's Memorandum at 27-29.  Substantial evidence supports the ALJ's determination to afford great weight to Dr. Miller's opinion.

The ALJ's decision to afford great weight to the opinion of Dr. Miller that Plaintiff had a mild to moderate limitation to heavy lifting, bending, carrying, pushing and pulling (R. 383), consistent with Dr. Miller's physical examination findings, treating source records indicating that Plaintiff was able to return to work (R. 469, 565), and absent any evidence of any additional limitations that would otherwise erode Plaintiff's ability function is supported by substantial evidence.  (R. 16).  In particular, Dr. Miller's physical examination of Plaintiff showed some limited range of motion ("ROM") in Plaintiff's ankle and left hip, with lower left extremity strength of four out of five on a five-point scale (R. 525), such finding supports that Plaintiff had a mild to moderate ability to lift, carry, bend, push and pull which the ALJ assessed as sufficient for light work.  The burden to demonstrate functional limitations is the Plaintiff's.  *See Reynolds v. Commissioner of Social Security*, 2019 WL 2020999, at *4 (W.D.N.Y. May 8, 2019).  Although Plaintiff correctly asserts that vague consultative opinions on a claimant's functional limitations, without more, do not constitute substantial evidence, Plaintiff's Memorandum at 10, in this case, the ALJ supports assigning great weight to Dr. Miller's findings with the opinions of three of Plaintiff's treating sources, Maritza Baez, M.D. ("Dr. Baez") (R. 469), Christopher Seward, M.D. ("Dr. Seward") (R. 482), and Nurse Practitioner Barbara Lahrs ("N.P. Lahrs"), who found Plaintiff had normal physical examinations and was capable of returning to work.  (R. 15-16).  Pursuant to the foregoing, Discussion, *supra*, at 9-10, the ALJ thus provided good reasons for assigning great weight to Dr. Miller's findings.  *See Cunningham v. Colvin*, 2014 WL 6609497, at

*6 (W.D.N.Y. Nov. 20, 2014) (ALJ must always give good reasons for the weight afforded to a medical source opinion). The ALJ's determination to afford great weight to Dr. Miller's finding that Plaintiff had mild to moderate limitations to heavy lifting, bending, carrying, pushing and pulling (R. 16), which were also consistent with those of Plaintiff's medical providers is therefore supported by substantial evidence in the record. Plaintiff's motion on this issue is DENIED.

<u>Credibility of Plaintiff's Subjective Complaints</u>

Here, the ALJ, as required, upon evaluating Plaintiff's impairments under 20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526, determined that although the record established Plaintiff had the severe impairments of right arm/hand pain, abdominal pain[5] with a history of left lower extremity paralysis, and back/lower left leg pain with degeneration (R. 13), Plaintiff's statements concerning the intensity, persistence and limiting effects of Plaintiff's symptoms were not credible to the extent the statements were inconsistent with Plaintiff's testimony. (R. 15). The ALJ further based Plaintiff's credibility assessment on Plaintiff's inconsistent reports of activities of daily living (R. 15), unremarkable physical examinations, sporadic treatment record, and poor work history. *Id.* Plaintiff contends that the ALJ's credibility determination is erroneous as the ALJ improperly relied on Plaintiff's activities of daily living and ability to engage in work. Plaintiff's Memorandum at 17-26. Defendant maintains that the ALJ properly assessed Plaintiff's credibility, finding Plaintiff's allegations of pain inconsistent with Plaintiff's

---

[5]Plaintiff's application for disability did not include abdominal pain. (R. 401). The ALJ included abdominal pain as a severe impairment during step two of the disability review analysis to account for Plaintiff's colostomy and colostomy reversal surgery subsequent to Plaintiff's gunshot wound in 2006. (R. 544).

11

activities of daily living, sporadic treatment record, poor work history and lack of consistent medical treatment.  Defendant's Memorandum at 15-19.

It is the function of the ALJ, not the court, to assess the credibility of witnesses. *See Tankisi v. Commissioner of Social Security*, 521 Fed. Appx. 29, 35 (2d Cir. 2013). Pain or other symptoms may be important factors contributing to a disability claimant's functional loss and affects a claimant's ability to perform basic work activities where relevant medical signs or laboratory findings show the existence of a medically determinable impairment that could "reasonably" be expected to cause the associated pain or other symptoms.  20 C.F.R. § 404.1529(c)(3).  "A claimant's testimony is entitled to considerable weight when it is consistent with and supported by objective medical evidence demonstrating that the claimant has a medical impairment which one could reasonably anticipate would produce such symptoms." *Hall v. Astrue*, 677 F.Supp.2d 617, 630 (W.D.N.Y. 2009) (citing *Latham v. Commissioner of Social Security*, 2009 WL 1605414, at *15 (N.D.N.Y. 2009)).

Here, the ALJ's credibility finding on Plaintiff is supported by substantial evidence in the record.  Plaintiff did not regularly seek or receive medical treatment for his knee and leg pain and reported improvement in his pain symptoms after attending physical therapy.  (R. 471, 494-98).  The ALJ also found that Plaintiff inconsistently testified to his educational level (R. 233), and drug usage.  (R. 236-37).  Thus, the ALJ's credibility assessment of Plaintiff was based on a thorough discussion of Plaintiff's testimony (R. 15), and Plaintiff's reported activities of daily living (R. 15), and is therefore supported by substantial evidence in the record that contradicts Plaintiff's alleged limitations that result from his impairments.  The court also finds the ALJ's credibility assessment is

therefore based on substantial evidence sufficiently supported the ALJ's residual functional capacity assessment of Plaintiff. Plaintiff's motion for remand on the issues of Plaintiff's credibility is thus without merit and is DENIED. *See Sloan v.* Colvin, 24 F.Supp.3d 315, 328-29 (W.D.N.Y. 2014) (no remand where ALJ evaluated Plaintiff's credibility based on Plaintiff's testimony, activities of daily living and conflicting medical evidence).

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 9) is DENIED; Defendant's motion (Doc. No. 11) is GRANTED. The Clerk of the Court is ordered to close the file. SO ORDERED.

/s/ *Leslie G. Foschio*
_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    October 7, 2019
               Buffalo, New York